## Hopewell Hepburn et al., Appellants, *v.* Peter Spahr Spotts et al.

*Trusts and trustees—Fraud—Insolvency of trustee.*

A. made a will which contained a schedule of the valuation of his real estate, and directed that his daughter C. should, after his decease, select $25,000 worth of said real estate, according to the valuation set out in the will.

The real estate thus selected was devised to her to possess, occupy and control during life, in trust for her children, and in case of her death

without children then to his heirs at law at the time of her death. After paying necessary expenses and repairs, and affording such proper support for herself and family as she might deem necessary, she was given power to invest whatever income might remain in the real property or interest-bearing securities for the use and benefit of the trust. She was also given power to sell and convey in fee simple any portion of the real estate, and reinvest the proceeds of such sale in other real estate and interest-bearing securities. In accordance with the provisions of the will C. selected portions of the testator's real estate of the value of $25,000.

Among the properties thus selected was a brick yard, where C. carried on the business of brickmaking, and incurred debts in this business and in the improvement of the trust property. C. died largely indebted and her estate was insolvent. The plaintiffs were creditors of C. and, failing to obtain payment in full of their indebtedness out of the estate of C., filed their bill against the administrators and children of C., and sought to hold the trust estate liable for the payment of the balance of their indebtedness due from C. The bill averred that the estate of C. was made insolvent by the use of plaintiffs' money in the improvement of the trust estate, and that their claims were for work done, materials furnished and money expended in making improvements and betterments to said estate, by which the value of the property was largely enhanced, the enhancement exceeding the proceeds of the trust property sold by C. and the unpaid balance of the indebtedness of her estate. The bill did not aver fraud either individually or as trustee on the part of C., or that the work had been done or materials or money furnished by plaintiffs upon any other security than her personal responsibility.

The court below dismissed the bill on the ground that the dealings between the parties were strictly of a business character; that there was no confidential or fiduciary relation existing between them, and the evidence failed to show any artifice, trick or false pretense at the time the indebtedness was incurred. Affirmed by the Supreme Court on the opinion of the court below.

Argued May 2, 1895. Appeal, No. 17, July T., 1895, by plaintiffs, from decree of C. P. Cumberland Co., May T., 1894, No. 2, dismissing bill in equity. Before GREEN, WILLIAMS, McCOLLUM, MITCHELL and FELL, JJ. WILLIAMS, J., presiding. Affirmed.

Bill in equity for contribution.

From the record it appeared that under the will of Peter Spahr, his daughter, Catharine Spotts, was trustee of certain real estate to "possess, occupy and control" during her life for her children. After the death of her father, Mrs. Spotts engaged in business, and contracted a large amount of debts.

In 1888, she made improvements upon the trust property, contracting for such improvements upon her personal credit. Mrs. Spotts died on March 10, 1891, insolvent. Plaintiffs claimed that the trust estate should contribute to the payment of their debts on the theory that Mrs. Spotts's estate had been made insolvent by the use of plaintiffs' money in the improvement of the trust estate, and that the trust estate by the use of their money had been greatly enhanced in value. The case having been heard upon bill, answer and proofs, BIDDLE, P. J., filed the following opinion:

"The only grounds for the alleged liability of the defendants in this action are set forth in paragraphs 8 and 9 of the bill and are in substance that the estate of Catharine Spotts was made insolvent by the use of complainants' money in the improvements of the trust estate, and that their claims are for work done, materials furnished and money expended in making improvements and betterment to said estate, by which the income therefrom was greatly increased and the value of the property enhanced to a very large extent, the enhancement exceeding the proceeds of the trust property sold by Catharine Spotts and the unpaid balance of the indebtedness of her estate. There was no allegation of fraud on the part of Catharine Spotts either individually or as trustee, or that work was done or materials or money furnished by complainants upon any other security than her personal responsibility. Upon what ground then can the trust estate be held liable for the payment of the balance of her debts? We fail to think of any.

"The complainants however contend that constructive fraud on the part of Catharine Spotts is deducible from the allegations in the bill and from the evidence in support thereof, and that they should be permitted to recover upon that ground. But there are insuperable obstacles to sustaining this position:

"1. The dealings between the parties were upon a strictly business basis, and there not being confidential or fiduciary relations of any kind existing, a case of constructive fraud cannot arise under the facts shown.

"2. The final betterments to the trust property were made in the year 1888 and the early part of 1889, and Catharine Spotts did not die until the 10th day of March, A. D. 1891. The court would not be warranted in assuming that she was

insolvent at the time the improvements were made, with no other basis to go upon than that in 1892 upon distribution by an auditor the net balance of her estate was $8,209.05, whilst the claims against it were $11,548.18.    The shortage shown at that time under an enforced liquidation of her property would not justify us in making the inference asked for.    It is to be noted that the bill does not allege her insolvency in 1888–89.

" 3. Even if she were insolvent in 1888–89 (of which we have no evidence except as stated in 2 supra), and knew it (of which there is no evidence), her dealings with complainants were not such a fraud upon them that they could make it the basis of an action at law, unless they also showed artifice or false pretense: Rodman v. Thalheimer, 75 Pa. 232.

" Nor at law would it help their case to further show that at the time the obligations were incurred she did not intend to pay them : Smith v. Smith, 21 Pa. 367; Bughman v. Bank, 159 Pa. 94.

" Clearly the complainants could not have reclaimed from Catharine Spotts in her lifetime the goods and chattels or money furnished by them, and we do not see upon what equitable principle they can now be permitted to recoup from the trust estate the unpaid portion of their bills.    This is specially manifest inasmuch as there is no allegation either of fraud or fraudulent intent in the transactions.

" 4. The will of Peter Spahr was on record and complainants had notice of its terms.    There was neither fraud, accident, secret dealing or mistake on the part of anybody, except that complainants were mistaken in the expectation that Catharine Spotts would pay their bills.    No fraud, actual or constructive, is either alleged, shown or implied, and there is nothing in the case of which a court of equity can take cognizance.

" And now, March 26, 1895, the bill is dismissed at the costs of complainants."

*Error assigned* was decree dismissing bill.

*John Hays, H. S. Stuart* with him, for appellants.

*J. W. Wetzel,* for appellee, was not heard.

PER CURIAM, May 20, 1895:

After a careful examination of the pleadings and the proofs in this case we are led to concur with the learned trial judge in the conclusions reached by him. The relation of the expenditures made by the trustee to the subsequent inability of her estate to pay her liabilities in full; the extent to which her own individual resources were made use of in the improvements made upon the trust property; and the time when her insolvency actually arose, rest on inference so largely that the facts on which the plaintiffs base their right to recover are left in very great uncertainty.

We think the court below was right in holding that the case actually presented on the pleadings and the evidence did not authorize the decree asked. His reasons are briefly and clearly stated in the opinion dismissing the bill, and they fully justify the decree made.

It is now affirmed at the cost of the appellants.